UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PHILLIP WILLIAMS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CV-97-P-1200-S |
| | ) | |
| BIRMINGHAM SOUTHERN RAILROAD | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |

## OPINION

The defendant's Motion for Summary Judgment was taken under submission on September 2, 1998. For the reasons expressed herein, the motion is due to be granted.

### Facts[1]

The plaintiff began his employment with the defendant in 1980 as a track laborer. In 1990, the plaintiff had two surgeries for back problems unrelated to his employment. After each surgery, the plaintiff was released back to work with no restrictions. In April 1993 the plaintiff again experienced back pain. Dr. Keith Langford first treated the plaintiff with a steroid/epidural block and released him back to work with a fifty pound lifting restriction and a limitation on certain positions. Because the pain did not subside, the plaintiff underwent surgery in August 1993 to scrape and clean accumulated scar tissue.

Approximately eight weeks later, the plaintiff was released back to work with a weight lifting

---

[1] The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

1

restriction of fifty pounds. Although the plaintiff claims that he was never told the restriction was permanent, Dr. Langford's affidavit and his clinic notes indicate that he discussed the plaintiff's limitations with him prior to the surgery and did not suggest that the restrictions were temporary. The return-to-work form that Dr. Langford sent to the defendant after the plaintiff's surgery restricted the plaintiff's lifting to no more than fifty pounds or, for frequent weights, no more than thirty pounds. The plaintiff never saw this form.

When the plaintiff returned to work, one of the defendant's representatives told him to be aware of his limitations and to watch out for himself. Although the plaintiff was permitted to do lighter work, he was also told the defendant could not protect him on every job he had to do.

On Saturday, February 10, 1996, the plaintiff and others were assigned to replace track panels. Specifically, the plaintiff was assigned as the ballast regulator operator, although no machines were operated that day Instead, the plaintiff and two other crew members manually put plates on ties. At the other end of the track, the crew foreman was manually repositioning cross-ties by himself. The plaintiff decided to assist the foreman, who was struggling with the two-hundred-pound ties. Although a pair of tie dogs, the equipment used to lift cross-ties, was available and being used on the other end of the track, the plaintiff manually lifted one end of each cross-tie while the foreman lifted the other. The plaintiff claims that because of their position on the middle track and inadequate room to squat and lift the ties, they had to bend over to lift the ties. After the two men had moved fifteen to twenty cross-ties, the plaintiff felt a pop in his lower back while lifting. Although he felt no pain at the time and continued to work, he later experienced pain and had to go to the hospital.

The plaintiff filed this action on May 14, 1997, alleging negligence claims under the Federal

2

Employers' Liability Act (FELA). Specifically, the plaintiff claims that the defendant 1) failed to provide adequate and safe tools and equipment to lift the cross-ties; 2) failed to provide adequate manpower; 3) rushed the plaintiff to complete the job; 4) failed to use reasonable care to provide a safe work place; and 5) negligently caused the plaintiff to perform work that exceeded physical limitations of which he was unaware.

### Analysis

To prevail on his FELA claims, the plaintiff must establish that 1) the defendant is a common carrier by railroad engaged in interstate commerce; 2) the plaintiff was employed by the defendant with duties furthering interstate commerce; 3) the injury was sustained while the plaintiff was employed; and 4) the injury was the result of the defendant's negligence.[2] In this case, the last element is the focal point of the court's analysis. Under FELA, an employer must exercise reasonable care for the safety of its employees,[3] but its duty is not absolute. An employer is not the insurer of the safety of its employees.[4] Indeed, an employee also has a duty to exercise reasonable care for his own safety.[5] An employer who fails to anticipate an employee's lack of due care is not liable under FELA.[6]

---

[2] *See Fowler v. Seaboard Coastline R. Co.*, 638 F.2d 17, 19 (5th Cir. Unit B 1981) (citing 45 U.S.C. § 51).

[3] *See Southern Ry. Co. v. Fox*, 339 F.2d 560, 563 (5th Cir. 1964).

[4] *See Atlantic Coast Line R. Co. v. Dixon*, 189 F.2d 525, 526 (5th Cir. 1951).

[5] *See id.* at 527.

[6] *See id.*

In this case, the plaintiff has not established that the defendant breached its duty of reasonable care. First, although the plaintiff alleges that the defendant failed to provide adequate and safe equipment, the evidence indicates that tie dogs were available and that the plaintiff could have waited for the other workers to finish using the tie dogs before he manually lifted the cross-ties. Second, the plaintiff has not established that the defendant failed to provide adequate manpower. The plaintiff was not asked to help the supervisor and did not ask for additional assistance with repositioning the cross-ties. Had the plaintiff or the supervisor waited to use the tie dogs, either one could have lifted the cross-ties by himself.

Third, the plaintiff has failed to present evidence that the defendant rushed him to do the job. Although the plaintiff testified that the defendant wanted the job done as quickly as possible and that the workers would have to stay until it was finished that Saturday, the plaintiff also testified that the workers had as long as it took and were not pressured by the supervisor to hurry. Fourth, the plaintiff has not established that the defendant failed to provide a reasonably safe workplace. Although the plaintiff asserts that the hole in which the cross-ties were located was not dug long enough to permit the employees to properly squat and lift the ties, nothing in the evidence demonstrates that the plaintiff was required to lift the ties or that the defendant breached its duty of care.

Finally, the plaintiff has not shown that the defendant was negligent in permitting the plaintiff to perform work that exceeded physical limitations of which he was unaware. Although lifting restrictions were placed on the plaintiff at least two and a half years before the incident at issue in this action, the evidence indicates that the plaintiff was aware that his line of work was not the best choice for someone with his history of back problems. Even if the plaintiff were not aware

4

of permanent lifting restrictions, the plaintiff's attempt to attribute greater knowledge of his condition to his supervisor than to himself runs afoul of his duty to exercise reasonable care for his own safety. The evidence reveals that the defendant exercised reasonable care in assigning the plaintiff machine work to accommodate his physical condition. In addition, no one compelled or even asked the plaintiff to bend down and lift the cross-ties. The defendant cannot be liable for failing to anticipate that the plaintiff would volunteer to do a different job that might jeopardize his safety.

The plaintiff has failed to establish negligence or to demonstrate the existence of genuine issues of material fact. Based on the foregoing analysis, the defendant's motion for summary judgment is due to be granted and the case is due to be dismissed.

Dated: March _10_, 1999

_____
Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. Michael D. Blalock
    Ms. Jennifer M. Busby